# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,          )<br>                                                      )<br>            Plaintiff,                  )<br>                                                      )<br>SDD                                              )<br>                                                      )<br>v.                                                  )<br>                                                      )<br>JOHN DOE subscriber assigned IP )<br>Address 68.41.80.161,              )<br>                                                      )<br>            Defendant.              )<br>_____)  | Civil Case No. 3:18-cv-12546-RHC- |

### ORDER ON MOTION FOR LEAVE TO SERVE
### THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE

**THIS CAUSE** came before the Court upon Plaintiff's Motion for Leave to Serve A Third Party Subpoena Prior to a Rule 26(f) Conference (the "Motion"), and the Court being duly advised in the premises does hereby:

**FIND, ORDER AND ADJUDGE:**

1. Plaintiff established that "good cause" exists for it to serve a third party subpoena on Comcast Cable (hereinafter the "ISP"). *See UMG Recording, Inc. v. Doe*, 2008 WL 4104214, *4 (N.D. Cal. 2008); and *Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 6–7 (D.D.C. 2008).

2. Plaintiff may serve the ISP with a Rule 45 subpoena commanding the ISP to provide Plaintiff with the true name and address of the Defendant to whom

1

the ISP assigned an IP address as set forth in the Complaint. Plaintiff shall attach to any such subpoena a copy of this Order.

3. Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of Internet services to one of the Defendants.

4. If the ISP qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), which states:

> the term "cable operator" means any person or group of persons
>
> (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or
>
> (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system.

it shall comply with 47 U.S.C. § 551(c)(2)(B), which states:

> A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed.

by sending a copy of this Order to the Defendant.

5. Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on the ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

**SO ORDERED.**

2

Date: September 17, 2018                              s/Robert H. Cleland
                                                         ROBERT H. CLELAND
                                                         United States District Judge